1  Tyler Graber
   NORTHWEST JUSTICE PROJECT
2  38 E. Main, Suite 207
   Walla Walla, WA 99362
3  509-525-9760; fax 509-525-9895

4  John Wolff
   NORTHWEST JUSTICE PROJECT
5  1702 W. Broadway
   Spokane, WA 99201
6  (509) 381-2348; fax 206-299-3185

7

8                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
9

   DEBORAH HART,                            2:20-CV-00462-TOR
10
                    Plaintiff,              CONSENT DECREE AND
11 vs.                                      ORDER OF DISMISSAL

12 HOUSING AUTHORITY OF ASOTIN
   COUNTY and SUSAN CLARK,
13 Executive Director of Housing Authority
   of Asotin County, in her official capacity,
14
                    Defendants.
15

16
       The Parties agree that this Court has jurisdiction over the subject matter of
17
   the claims alleged, and that by their signatures below they consent to entry of this
18
   Consent Decree. The Parties agree to waive any right to appeal from the entry of
19
   this Consent Decree.
20
       This Action concerns allegations by Plaintiff Deborah Hart related to
21

   Consent Decree and Order of Dismissal - 1

1  grievance hearings administered by the Housing Authority of Asotin County

2  ("HAAC") and its Executive Director Susan Clark under 42 U.S.C. § 1437d(k) and

3  24 C.F.R. § 966.56.

4       On December 12, 2020, Ms. Hart commenced this action in the Eastern

5  District of Washington. In lieu of further litigation and upon stipulation of the

6  parties, and with the Court fully advised:

7       **The Court hereby ORDERS, ADJUDGES, AND DECREES:**

8       1.    The following provisions of this Consent Decree shall apply to the

9  HAAC and its agent, employees, representatives, successors, and subsidiaries

10  (hereinafter, collectively, "Defendants").

11       2.    Defendants shall develop and implement a suitable training

12  curriculum for the HAAC's Hearing Officers which provides the Hearing Officers

13  with the necessary knowledge, skill, and competence to conduct grievance

14  hearings in compliance with applicable law, including but not limited to 42 U.S.C.

15  1437d(k), 24 C.F.R. § 966.56, and this Order. The training must be developed and

16  delivered by an attorney-advisor experienced in the public housing grievance

17  procedures contained in applicable law, including but not limited to 42 U.S.C.

18  1437d(k) and 24 C.F.R. § 966.5 and must be approved by Plaintiff's attorneys. The

19  training curriculum shall include provisions regarding continuing education or

20  periodic updates to reflect changes in the law, as necessary.

21

Consent Decree and Order of Dismissal - 2

**Northwest Justice Project**
38 E. Main, Suite 207
Walla Walla, Washington 99362
Phone: (509) 525-9760  Fax: (509) 525-9895

3.      Defendants shall require all Hearing Officers to be adequately trained before they may preside over a grievance hearing. Adequately trained means the Hearing Officer has completed the initial training curriculum, as well as any continuing education or trainings on periodic updates as are available. Proof that the Hearing Officer is adequately trained to preside over the grievance hearing shall be entered into the record of every grievance hearing. The proof shall consist of a certificate of training signed and dated by the attorney-advisor. For a period of 18 months following the entry to this consent decree, the Defendants will further provide Plaintiff's attorneys with a copy of any certificate of training issued to prospective Hearing Officers within 30 days after their completion of the training curriculum.

4.      Defendants shall require an attorney-advisor experienced in the public housing grievance procedures contained in applicable law, including but not limited to 42 U.S.C. 1437d(k) and 24 C.F.R. § 966.56 to attend all grievance hearings to ensure Hearing Officers and Hearing Panels comply with the law and this Consent Decree. The attorney-advisor may attend the grievance hearing either in person, telephonically, or by video.

5.      Defendants shall require all communications between the Hearing Officer, Hearing Panel, and the HAAC concerning a notice of adverse action and/or grievance hearing to be sufficiently documented. Sufficient documentation

Northwest Justice Project
38 E. Main, Suite 207
Walla Walla, Washington 99362
Phone: (509) 525-9760  Fax: (509) 525-9895

means a written document memorializing the communication. Documentation of all communications must be provided to the tenant up to and until the grievance process concludes.

6.    Defendants shall require the HAAC to have the burden to prove that the adverse action was justified.

7.    Defendants shall require the Hearing Officer and Hearing Panel to make decisions based only on the evidence provided in the grievance hearing.

8.    Defendants shall require the Hearing Officer and Hearing Panel to consider only whether the HAAC has proven the facts stated in the notice of the adverse action and whether the facts justified the adverse action. The Hearing Officer and Hearing Panel may not consider issues outside of those contained in the notice of the adverse action.

9.    Defendants shall require the decision of the Hearing Officer and Hearing Panel to be in writing. The written Grievance Hearing Decision shall adequately describe the testimony and evidence presented, a summary of each party's position, and the conclusions based on the evidence and legal arguments presented. Credibility determinations must be specific and made in writing.

10.   Defendants shall require all grievance hearings to remain private unless the tenant/complainant requests otherwise.

Consent Decree and Order of Dismissal - 4

**Northwest Justice Project**
38 E. Main, Suite 207
Walla Walla, Washington 99362
Phone: (509) 525-9760  Fax: (509) 525-9895

11.    Within 60 days of the entry of this Order, Defendants shall adopt and incorporate the provisions of this Order into the HAAC's grievance policies and procedures manual.

12.    For a period of 18 months following the entry of this order, Defendants shall provide Plaintiff's attorneys with all written Grievance Hearing Decisions within 30 days of the issuance of the Grievance Hearing Decision made during this Order's operative period to ensure compliance with this Order. Defendants may redact the Grievance Hearing Decisions as necessary to protect the privacy of the tenant/complainant.

13.    The terms of this Order shall be enforceable by any person subjected to a violation of this Order by the Defendants. Prior to seeking enforcement by the Court, any person claiming a violation shall provide the Defendants with 30-days' notice and an opportunity to cure the violation.

14.    In the event enforcement of this Order is necessary, whether by motion or demand to the Defendants, any person may seek extension of this Order by motion to the Court upon such terms as may be necessary or appropriate to enforce compliance with this Order.

15.    Should any person be required to enforce the provisions of this Order, the Court may award such person their reasonable attorney's costs and fees if the Court finds that a violation of this Consent Decree or applicable law occurred.

Northwest Justice Project
38 E. Main, Suite 207
Walla Walla, Washington 99362
Phone: (509) 525-9760  Fax: (509) 525-9895

16.    This Consent Decree shall only be effective so long as the terms and conditions are supported by applicable law.

17.    This Consent Decree may be executed in two or more counterparts, each of which shall constitute an original instrument and all of which together shall constitute one, and the same, settlement. The person signing this Consent Decree represents that they have the authority to enter this on behalf of the respective parties they represent and that the Consent Decree shall be binding upon the parties hereto.

18.    The Parties will agree that no appeal shall follow from the issuance of this Consent Decree and Order of Dismissal.

19.    It is hereby ORDERED, that this action is hereby dismissed with prejudice. The Court will retain jurisdiction to effectuate its judgment pursuant to 28 U.S.C. § 2202, or to otherwise enforce, modify, or terminate this Order.

SO ORDERED, this ___10th___ day of ___December___ 2021.



THOMAS O. RICE
United States District Judge

Consent Decree and Order of Dismissal - 6

**Northwest Justice Project**
38 E. Main, Suite 207
Walla Walla, Washington 99362
Phone: (509) 525-9760  Fax: (509) 525-9895

1

**Approved for entry; presented by:**        **Approved for Entry; Notice of Presentation Waived**

2

NORTHWEST JUSTICE PROJECT        WINSTON & CASHATT

3

/s/                                          /s/

4

Tyler Graber, WSBA #46780        Kammi Mencke Smith, WSBA #34911
John Wolff, WSBA #56829          Attorney for Defendants

5

Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

Consent Decree and Order of Dismissal - 7